# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT
# OF ALABAMA SOUTHERN
# DIVISION

| | |
|---|---|
| Pamela Ajoloko, )<br> )<br>    Plaintiff. )<br> )<br>v. )<br> )<br>Jamas Technology, Inc., )<br> )<br>    Defendants. ) | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Pamela Ajoloko, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Jamas Technology, Inc. ("Defendant").

This action is brought by Plaintiff for purposes of obtaining relief under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.*, (hereinafter "FLSA") for unpaid compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*

2. The Defendant has a principal place of business within the Southern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

**A. Plaintiff**

4. The Plaintiff, Pamela Ajoloko, is over the age of nineteen (19) years and is domiciled in the State of Alabama.

5. During all times relevant to this Complaint, the Plaintiff was an employee of the Defendant.

**B. Defendant**

6. Jamas Technology, Inc. is a domestic corporation currently operating in the State of Alabama with its registered address at 64 Highway 265, Suite 501, Alabaster, AL 35007.

7. Jamas Technology, Inc. is an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, Jamas Technology specializes in underground mining.

8. Further, upon information and belief, Jamas Technology, Inc. has gross revenues which exceed $500,000.00 per year.

9. Jamas Technology, Inc. is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

## FACTS

10. On or about April 4, 2021, Plaintiff began working for the Defendant.

11. Plaintiff was employed as a bus driver and a "spotter."

12. Plaintiff's hourly wage as a bus driver was $20.00 per hour.

13. Plaintiff's hourly wage as a spotter was $15.00 per hour.

14. Plaintiff was not exempt from the protections of the FLSA.

15. Plaintiff worked both jobs in the same work week.

16. On average, Plaintiff worked 40 hours per week as a bus driver and 8-16 hours per week as a "spotter."

17. Plaintiff worked in excess of 40 hours per week without being paid the premium overtime rate for all hours worked above 40 in a work week.

18. To the best of Plaintiff's calculations, Plaintiff was not paid the premium

overtime rate for all hours worked above 40 in a work week beginning on May 7, 2021 and continuing through numerous pay periods to date.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### (Overtime Violations-29 U.S.C. § 207)

19. Plaintiff adopts and realleges paragraphs 1-18 as if fully set out herein.

20. During the relevant time periods, Plaintiff regularly worked in excess of forty hours per week.

21. Plaintiff informed the Defendant that she was regularly working over forty hours per week and was due overtime.

22. The Defendant told Plaintiff that she could not be paid the premium overtime rate for all hours worked above forty in each work week because she was performing two different jobs as a bus driver and a spotter.

23. Further, beginning in or around September of 2021, the Defendant would no longer provide Plaintiff with a physical copy of her pay stubs.

24. The Defendant failed to compensate the Plaintiff at the premium overtime rate for all hours worked above forty in each work week.

25. Plaintiff has a good faith belief that she is owed in excess of $6,000.00 in premium overtime pay plus liquidated damages (discovery pending).

26. The Defendants' failure to pay the Plaintiff correctly was willful and without

good faith as defined in 29 U.S.C. § 260.

27. The Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for the following relief:

a. Require Defendants to pay Plaintiff damages for unpaid wages for the weeks at issue in this case;

b. Require Defendants to pay Plaintiff liquidated damages as provided for under the Fair Labor Standards Act;

c. Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff;

d. Award Plaintiff her reasonable attorneys' fees and costs and expenses of suit; and

e. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL
The Plaintiff demands trial by jury.

Respectfully submitted,

/s/Jeremy Schatz
Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

*/s/ Ray Foushee*

                                        Raymond Foushee
                                        ASB-9344-X13G
                                        *Attorney for Plaintiff*

**OF COUNSEL**:
Virtus Law Group
100 41st Street South, Suite A
Birmingham, Alabama 35222
Phone: (205) 946-1924
js@vlgal.com

**Please serve the Defendant by certified mail as follows:**

Jamas Technology, Inc.
C/O Michael B. Wilson
64 Highway 265 Suite 501
Alabaster, AL 35007