FILED
2022 Aug-02 AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# CONFIDENTIAL SETTLEMENT AGREEMENT, WAIVER AND RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT, WAIVER AND RELEASE (hereinafter "this Agreement") is made and entered into, by and between Jamas Technology, Inc. (hereinafter referred to as "Jamas") and Pamela Ajoloko and her heirs, assigns, executors, and administrators (hereinafter collectively referred to as "Ajoloko"). Jamas and Ajoloko are collectively referred to as "the parties."

When used hereafter the phrase the "Jamas Released Parties" includes all the following: Jamas and its current or former owners, board members, officers, employees, insurance carriers, subsidiaries, successors, assigns, representatives, agents, and managers in their official and personal capacities.

WHEREAS, Jamas and Ajoloko desire to finally settle all existing or potential claims and disputes stated herein between Ajoloko and the Jamas Released Parties, whether known or unknown as of this date, including Ajoloko's pending lawsuit filed with the United States District Court, Northern District of Alabama, Case No. 2:22-cv-00677-JHE and all claims relating to the payment of wages for hours worked or any other compensation or remuneration by Ajoloko (whether characterized as wages or benefits) for her hours worked, and all other potential claims or actions identified in paragraphs 2(b) & (d) of this Agreement;

WHEREAS, Ajoloko's Complaint in the pending lawsuit alleges that Ajoloko "has a good faith belief that she is owed in excess of $6,000.00 in premium overtime pay plus liquidated damages (discovery pending)";

WHEREAS, after reviewing documents reflecting her scheduled hours and pay records, Ajoloko contends that Jamas owes her an amount of at least $3,734.80 for unpaid overtime and liquidated damages associated therewith;

WHEREAS, Jamas disputes that Ajoloko is entitled to the aforementioned amounts, and contends that Ajoloko is entitled to, at most, $3,192.40 for unpaid overtime and liquidated damages associated therewith;

WHEREAS, the parties agree that because Jamas will pay Ajoloko, pursuant to Paragraph 1 below, more than the maximum amount that Jamas computes her unpaid overtime and liquidated damages could be and because Jamas is also mutually releasing any claims it may against Ajoloko, Jamas is providing adequate consideration to Ajoloko for her releases of non-FLSA claims.

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises and undertakings contained in this Agreement, the sufficiency of which is hereby acknowledged, Jamas and Ajoloko agree as follows:

1. **Obligations of Jamas.** In consideration of Ajoloko's commitments set forth below:

    a) Jamas agrees to pay Ajoloko $1,596.20, for which she will be issued a 1099 statement, which represents overtime pay.

   b) Jamas agrees to pay Ajoloko an additional $1,846.20 by separate check for FLSA liquidated damages ($1,596.20) and additional consideration provided under this Agreement ($250.00).

   c) Jamas agrees to pay Ajoloko's attorneys, Ray Foushee and Jeremy Schatz, of Virtus Law Group, the net amount of $6,272.65 of which $5,832.00 is attorneys' fees and $440.65 is costs.

   d) The aggregate amount to be paid by Jamas in settlement of FLSA claims is $9,465.05.

   e) Jamas hereby releases Ajoloko from any and all claims whatsoever of any kind or nature arising out of or in any way connected with (i) Ajoloko's employment with Jamas, and (ii) any other claim Jamas may have arising from any event occurring prior to the date of this Agreement. It is expressly understood that this is a general release of Ajoloko by Jamas.

The payments itemized in this Agreement shall be made no later than ten business days after the Court has approved this Settlement Agreement. No other amounts or benefits will be provided to Ajoloko. The amounts specified in this Agreement are provided as consideration for the settlement of Ajoloko's pending lawsuit filed with the United States District Court, Northern District of Alabama, Case No. 2:22-cv-00677-JHE and all claims relating to the payment of her wages or any other compensation or remuneration by Jamas (whether characterized as wages or benefits) for her hours worked, and all other potential claims or actions identified in paragraph 2 (b) of this Agreement and for all other potential claims and actions identified in paragraph 2(d) of this Agreement. Ajoloko acknowledges that the foregoing actions of Jamas are valid consideration for her agreement to the provisions in this Agreement and that she is not already legally entitled to the additional, non-FLSA based consideration provided by Jamas.

2. **Representations and Obligations of Ajoloko.** In consideration of Jamas's agreement to the terms herein:

   a) Ajoloko hereby represents that she has not and will not file any additional complaints or lawsuits against the Jamas Released Parties with any federal, state, county or municipal agency, entity, or court concerning unpaid overtime or any other FLSA violation that precedes the execution of this Agreement. Ajoloko will seek a dismissal with prejudice of all complaints or lawsuits she may have already filed against the Jamas Released Parties with any federal, state, county or municipal agency, entity, or court with regard to concerning unpaid overtime or any other FLSA violation that precedes the execution of this Agreement, including but expressly not limited to requesting a Dismissal With Prejudice of Ajoloko's pending lawsuit filed with the United States District Court, Northern District of Alabama, Case No. 2:22-cv-00677-JHE. Ajoloko understands that Jamas has reasonably relied on her representations in this paragraph in Jamas agreeing to perform those obligations set forth in paragraph no. 1 of this Agreement.

   b) Ajoloko hereby waives, releases, and forever discharges the Jamas Released Parties of and from, any and all claims, demands, damages, lawsuits, obligations, promises, actions, charges, rights, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever relating to or arising out of payment for Ajoloko's hours worked, payment of compensation and benefits, and reimbursement of expenses through the date

Ajoloko executes this Agreement. The claims, rights, and causes of action covered by this Waiver and Release include, but are expressly not limited to, any claim, right, or cause of action based on any federal, state, or local law, constitution, executive order, statute or ordinance, and all amendments thereto, relating to the payment of wages and benefits for hours worked, including without limitation, the Fair Labor Standards Act of 1938, as amended; the Portal to Portal Act; and any common law or any other basis relating to rights and obligations derived from the payment of wages and benefits for hours worked in an employment relationship, and any other claim, right, or cause of action founded in a contract for compensation and/or benefits (whether oral, written or implied), public policy, specific performance, for unpaid wages, quantum meruit, unpaid benefits, severance pay, vacation pay, sick pay, bonuses, incentives, business expenses, other reimbursements, attorney's fees and costs, injunctive or other equitable relief, restitution, reimbursement, liquidated damages, treble damages; any rights to payments or benefits under the employee handbook, written policies, or directives; or any other statutory, decisional, common law, contractual or equitable basis of action, which Ajoloko had, now has, or may claim to have against the Jamas Released Parties for the payment of wages, benefits, or reimbursements for hours worked against the Jamas Released Parties through the date Ajoloko signs this Agreement, except those which may not lawfully be waived.

c) Ajoloko acknowledges that with the payments in this Agreement she has been paid in full for all hours she worked for Jamas and the monetary consideration provided is full payment for any additional damages or remedies (including but not limited to liquidated damages, and attorney's fees and costs) for which she may collect if she prevailed in an action brought under any state or federal statute, regulation, ordinance; or any other basis for the recovery of wages, benefits and damages for hours worked. Ajoloko agrees that no additional amounts for unpaid wages or benefits for hours worked (or any damages, penalties, fees or other recovery related thereto) are owed by the Jamas Released Parties to Ajoloko.

d) Subject to the exceptions stated in paragraph 2(g) below, Ajoloko further releases, acquits, and discharges the Jamas Released Parties from any and all claims whatsoever of any kind or nature, known or unknown, arising out of or in any way connected with the employment of Ajoloko by Jamas, including, but not limited to,

   1. the Civil Rights Act of 1991; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; the Americans with Disabilities Act; the ADA Amendments Act; the Age Discrimination in Employment Act; the Rehabilitation Act of 1973; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974; the Equal Pay Act; the Lilly Ledbetter Fair Pay Act; the Fair Labor Standards Act; the Genetic Information Nondiscrimination Act; the Vietnam Era Veterans' Readjustment Assistance Act; the Uniformed Services Employment and Reemployment Rights Act of 1994; the Worker Adjustment and Retraining Notification Act; the Fair Credit Reporting Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act of 1970; the Employee Polygraph Protection Act; and any amendments to any of the foregoing;

   2. the Alabama Age Discrimination in Employment Act, (Alabama Code §§ 25-1-20 et seq.); the Alabama Affirmative Action Programs for Minorities law, (Alabama

Doc ID: 2fd90cbae394cd881a12917a76cf4bd2a8cd9114

Code § 25-1-10); Alabama Code § 13A-11-123 (anti-blacklisting statute); Alabama Code § 12-16-8 (employer shall pay usual compensation to employee during employee's jury service); Alabama Code § 12-16-8.1 (employer not to discharge employee for jury service); Alabama Code § 25-5-11.1 (prohibition of discharge of employee for filing workers' compensation claim or for safety complaints); Alabama Code §§ 25-5-330 et seq. (drug-free workplace program); Alabama Code §§ 25-7-30 et seq. (right to work laws); Alabama HB 56 (immigration); and any amendments to any of the foregoing; and

3. any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation the Unites States Constitution, the Constitution of the State of Alabama, and any law related to discrimination, terms and conditions of employment, or termination of employment, to the full extent that such a release is allowed by law.

e) Ajoloko further agrees not to seek reemployment with Jamas or any business entity that is a parent, subsidiary, or affiliate of Jamas or Jamas's owners.

f) Ajoloko shall comply with applicable tax laws requiring the reporting of income. Ajoloko agrees she is solely responsible for tax payments that may be due on amounts paid to her pursuant to this Agreement.

g) The release of claims stated in Paragraph 2(d) above <u>does not</u> include any claims that have been clearly and specifically stated by Ajoloko in any EEOC Charge of Discrimination pending against Jamas as of the date of the approval of this Agreement, nor any lawsuit filed by Ajoloko based on the same clearly and specifically stated claims following the EEOC's issuance to Ajoloko of a notice of right to sue on an EEOC Charge of Discrimination. However, the release of claims stated in Paragraph 2(d) above <u>does</u> include any claims that were not clearly and specifically stated in an EEOC Charge of Discrimination that is open as of the date of the approval of this Agreement. Further, the release of claims stated in Paragraph 2(d) <u>does</u> include any claims raised in a lawsuit, following the EEOC's issuance of a right to sue letter, if the claims raised in the lawsuit were not clearly and specifically stated in the EEOC Charge of Discrimination pending against Jamas as of the date of the approval of this Agreement.

h) Furthermore, nothing in this agreement shall be interpreted as interfering with the protected right of Ajoloko to participate in any other investigation or proceeding conducted by the EEOC.

3. **Confidentiality.** Jamas acknowledges that Ajoloko and her counsel must disclose this Agreement to the court in the pending lawsuit to obtain approval of the terms of this settlement, and Jamas further understands that the settlement may thereby become public record. However, Ajoloko agrees that she will not otherwise discuss or publish this Agreement or its terms with third parties other than her attorneys, accountants, financial advisors, and spouse.

4. **Non-Disparagement.** The parties agree that they will not say, write, or cause to be said or written, any statement that may be considered defamatory, derogatory, misleading, or disparaging about the other party or any of its employees, agents, owners, or affiliates. If a party

Doc ID: 2fd90cbae394cd881a12917a76cf4bd2a8cd9114

is found to have violated this non-disparagement provision, it shall be liable for the reasonable costs and attorneys' fees incurred by the other party in successfully enforcing this provision, which may include pursuit of injunctive relief.

5. **Non-Admission.** Neither this Agreement, nor anything contained herein, is to be construed as an admission by Jamas or Ajoloko of any liability, wrongdoing or unlawful conduct whatsoever.

6. **Severability.** In the event that any provision of this Agreement is invalidated by a court of competent jurisdiction, then all of the remaining provisions of this Agreement shall continue unabated and in full force and effect.

7. **Entire Agreement.** This Agreement contains the entire understanding and agreement between the parties and shall not be modified or superseded except upon express written consent of Jamas and Ajoloko.

8. **Supersedes Past Agreements.** This Agreement supersedes and renders null and void any previous agreements or contracts whether written, oral, or implied between Jamas and Ajoloko.

9. **Governing Law.** This Agreement shall be governed by the laws of the State of Alabama.

10. **Attorney's Fees.** If either party engages the services of an attorney in the enforcement of the terms herein, the non-prevailing party shall pay the reasonable attorney's fees and costs of the prevailing party.

11. **Agreement Not to be Used As Evidence.** This Agreement shall not be admissible as evidence in any proceeding except where one of the parties to this Agreement seeks to enforce this Agreement or alleges this Agreement has been breached, or where one of the parties is ordered to produce this Agreement by a court or administrative agency of competent jurisdiction. Ajoloko further agrees that, in the event a court or administrative agency orders this Agreement to be produced, Ajoloko or her attorney(s) will provide immediate written notice to Jamas's attorney, Ben B. Robinson, Esq., Wallace Jordan Ratliff & Brandt, LLC, 800 Shades Creek Parkway, Suite 400, Birmingham, Alabama 35209.

12. **Opportunity to Consider and Confer.** By signing this Agreement, Ajoloko acknowledges that she has had the opportunity to study, consider, and deliberate upon this Agreement, and has consulted with her attorneys. Ajoloko fully understands and is in full agreement with all the terms of this Agreement and she signs this Agreement freely and voluntarily and affirms that she does not rely upon and has not relied upon any representation or statement made by anyone that has not been set forth in this Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, Jamas and Ajoloko hereby execute this Confidential Settlement Agreement, Waiver and Release consisting of six pages and including twelve enumerated paragraphs, by signing below voluntarily and with full knowledge of the legal significance of all its provisions.

Doc ID: 2fd90cbae394cd881a12917a76cf4bd2a8cd9114

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT
CONTAINS RELEASES OF CLAIMS.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]

Doc ID: 2fd90cbae394cd881a12917a76cf4bd2a8cd9114

| | |
|---|---|
| **Jamas Technology, Inc.** | **Pamela Ajoloko** |
| | *PAajolo* (signature) |
| By:_____ | _____ |
| Its: _____ | |
| Date: _____ | Date: 08 / 01 / 2022 _____ |

Doc ID: 2fd90cbae394cd881a12917a76cf4bd2a8cd9114

# ✧ HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | SETTLEMENT AGREEM...lf review v.2.pdf |
| **DOCUMENT ID** | 2fd90cbae394cd881a12917a76cf4bd2a8cd9114 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**
**07 / 27 / 2022**
20:52:50 UTC
Sent for signature to Pamela Ajoloko (pajoloko@gmail.com) from info@vlgal.com
IP: 131.148.193.106

**VIEWED**
**07 / 27 / 2022**
22:01:44 UTC
Viewed by Pamela Ajoloko (pajoloko@gmail.com)
IP: 166.196.58.43

**SIGNED**
**08 / 01 / 2022**
21:56:29 UTC
Signed by Pamela Ajoloko (pajoloko@gmail.com)
IP: 107.117.180.29

**COMPLETED**
**08 / 01 / 2022**
21:56:29 UTC
The document has been completed.

Powered by ✧ HELLOSIGN

**Jamas Technology, Inc.**                **Pamela Ajoloko**

By: _[signature]_
Its: _V. President_
Date: _7/28/22_

Date: _____